LOUIS REECE v. THE STATE.

No. 5913. Decided February 23, 1921.

**Intoxicating Liquor—Manufacture—Equipment—Federal and State Legislation.**

Where, upon trial of having in his possession a still for the manufacture of intoxicating liquors not for mechanical nor medicinal purposes, etc., defendant pleaded guilty, but nevertheless excepted to the court's charge and contended that the court should have instructed the jury to assess the punishment prescribed by the Act of Congress instead of the laws of the State of Texas, there was no error in refusing same; besides, the same was not presented before the court's main charge was read to the jury. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

Appeal from the District Court of Camp.   Tried below before the Honorable J. A. Ward.

Appeal from a conviction of having in his possession a still for the unlawful manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The appellant was indicted in Camp County charged with having in his possession a still, the same then and there being an equipment for making intoxicating liquor and not for mechanical, medicinal, scientific and sacramental purposes.   Upon the case being called for trial, appellant entered his plea of guilty, and upon such plea he was convicted and his punishment assessed at two years in the penitentiary.

Notwithstanding the appellant entered his plea of guilty, his counsel excepted to the court's charge upon the plea of guilty and insisted that the court should have instructed the jury to assess the appellant's punishment as prescribed in the Volstead Act of Congress instead of the penalty prescribed by the laws of the State of Texas.   It does not appear that exception was reserved to the action of the trial court in refusing this charge, but it does appear that it was presented to the court before his main charge was read to the jury and before argument. All other proceedings in the trial seem to be regular, but, of course, if this requested instruction is the law, then the court should not have charged the penalty under the State law and there would be fundamental error; but under the recent authority of *Ex parte* Gilmore, 88 Texas Crim. Rep., 529; this question was decided against appellant, both in the original opinion and upon motion for rehearing.

There being no other matters appearing of record for review, the judgment is ordered affirmed.

*Affirmed.*